UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DEON ANTONIO CHEALY,

    Petitioner,

v.                                           Case No:   5:13-cv-448-Oc-23PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
    _____/

**ORDER**

Deon Antonio Chealy moves (Doc. 1) under 28 U.S.C. § 2241 for a writ of habeas corpus. Claiming that his predicate convictions do not qualify as "violent felonies" under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), Chealy challenges his armed career criminal enhancement. The Warden argues (Doc. 4) that Chealy cannot demonstrate the threshold required for relief under the savings clause of 28 U.S.C. § 2255(e) to proceed under 28 U.S.C. § 2241. Chealy replies (Doc. 6) asserting that the court has jurisdiction to consider his petition under Section 2241. In response to the court's directive, the Warden filed a supplemental response. (Doc. 11)

On June 26, 2015, the Supreme Court ruled that the "residual clause" of the ACCA is unconstitutionally vague and violates due process.[1] *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2555 (2015). On April 18, 2016, *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." The gravamen of Chealy's 28 U.S.C. § 2241 petition is that one or more of Chealy's prior convictions cannot be used to enhance his sentence under the ACCA, presumably because the conviction was deemed a violent felony under the residual clause of the ACCA. (Doc. 1)

For the reasons discussed below, the Section 2241 petition must be dismissed without prejudice to Chealy's filing an application in the circuit court of appeals for leave to file a second or successive motion under 28 U.S.C. § 2255.

**Background**

In Case No. 2:04-cr-00051-33-DNF the indictment charges Chealy, who was previously convicted of a felony, with possessing a firearm in violation of 18 U.S.C.

---

[1] Generally, the possession of a firearm by a convicted felon caries a punishment of up to ten years in prison. 18 U.S.C. § 924(a)(2). However, if the violator has three or more convictions for a "serious drug offense" or a "violent felony," the ACCA increases the prison term to a minimum of fifteen years in prison. 18 U.S.C. at § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

§ 924(e)(2)(B). The italicized portion is known as the "residual clause."

§ 922(g)(1). (Cr. Doc. 1) Chealy was convicted by a jury. (Cr. Doc. 67; Cr. Doc. 78) The district court sentenced Chealy as an armed career criminal to two hundred months of imprisonment and sixty months of supervised release. (Cr. Doc. 78; Cr. Doc. 95)

The trial court found that Chealy had four convictions for "violent felonies" based on Chealy's three convictions for burglary of a dwelling or structure and his conviction for terroristic threats and burglary, which qualified him for an enhanced sentence under 18 U.S.C. 924(e). (Cr. Doc. 95, pp. 34–35) Chealy objected to use of the burglary convictions as a Section 924(e) predicate conviction and objected to the convictions' use to enhance the sentence without a supportive jury finding. (Cr. Doc. 95, pp. 12, 27) Chealy appealed his conviction and sentence. (Cr. Doc. 9.) The Eleventh Circuit Court of Appeals affirmed Chealy's conviction and sentence. (Cr. Doc. 100); *United States v. Chealy*, 185 Fed. App'x. 928 (11th Cir. 2006). On November 27, 2016, the United States Supreme Court denied Chealy's petition for a writ of certiorari. *Chealy v. United States*, 549 U.S. 1065 (2006).

Arguing that his counsel rendered ineffective assistance for failing to argue against the validity of his convictions and for not performing adequate research, on December 17, 2007, Chealy moved for relief under 28 U.S.C. § 2255 in Case No. 2:07-cv-768-FtM-33DNF. (Cr. Doc. 108) Chealy also argued that he was deprived of the protections of the Fifth and Sixth Amendments of the Constitution because the convictions used to enhance his Section 924(e) sentence were not heard by the jury or admitted by Chealy. Chealy further argued that the use of the convictions violated

the Fifth Amendment on grounds of duplicity and multiplicity. The district court denied the petition on March 17, 2009. (Cr. Doc. 111) Alleging that the court improperly enhanced his sentence under ACCA, Chealy filed the instant petition under 28 U.S.C. § 2241on September 16, 2013. (Doc. 1)

## Discussion

Chealy submits this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. However, Chealy attacks the validity of his sentence arguing the impropriety of the career offender enhancement. Ordinarily, a petitioner must file a collateral attack on a conviction or sentence in the district of conviction under 28 U.S.C. § 2255. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).

Chealy's earlier motion under Section 2255 was denied as untimely. Because Chealy's previous Section 2255 motion was denied by the court that imposed his sentence, Chealy may not file another motion under Section 2255 without first receiving permission from the appropriate United States Court of Appeals, which Chealy has not done. 28 U.S.C. § 2255(h); *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a Section 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive Section 2255 motion"). Because Chealy is barred from filing another motion under Section 2255, he files this petition for relief under 28 U.S.C. § 2241, although

28 U.S.C. Section 2255(e) (the "savings clause") expressly limits the availability of a Section 2241 petition.

A federal prisoner may move under 28 U.S.C. § 2241 only if a 28 U.S.C. § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1338 (11th Cir. 2013) and *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013). Chealy has not demonstrated that a motion under Section 2255 is inadequate or ineffective to test the legality of his detention. To the contrary, the Supreme Court has clarified that *Johnson* is retroactive to cases on collateral review. *Welch*, 136 S. Ct. at 1268. Accordingly, Chealy has the opportunity to move in the circuit of conviction for permission to file a second or successive motion under Section 2255. *See* 28 U.S.C. § 2255(h) (stating *inter alia* that a panel of the appropriate court of appeals must certify that a second or successive motion under Section 2255 argues "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.")

"In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who can make a prima facie showing that they previously were sentenced, at least in part, in reliance on [the] ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court." *In re David Snoddy*, Case No. 16-11890, at p. 3 (11th Cir. May 3, 2016) (granting the petitioner's request to file a second or successive motion under Section 2255 where the petitioner made a prima facie showing that two of his three ACCA qualifying predicate felonies no

longer qualified in light of *Johnson*) (citing *In re Robinson*, 2016 WL 1583616 (11th Cir. 2016)).

Chealy is cautioned that a strict limitation governs the filing of both a first or a successive motion under Section 2255.[2]  The Supreme Court has stated that "if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion."  *Dodd v. United States*, 545 U.S. 353, 358-59 (2005).  Therefore, the year within which to file a successive Section 2255 petition begins to run on the day the Supreme Court initially recognizes the new rule, not the day the rule becomes retroactive.  *Johnson* was decided **June 26, 2015.**

---

[2] 28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been made newly recognized by the Supreme Court and retroactively applicable to cases on collateral review; or**
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

(Emphasis added).

**Appointment of Counsel**

The clerk is directed to enter the appearance of Assistant Federal Defender Rosemary Cakmis on behalf of the defendant.   As outlined in the April 29, 2016 order in Case No. 8:16-mc-53-T-23, the Federal Defender must review the record in the defendant's case to determine whether the defendant is colorably eligible for relief under *Johnson* and *Welch*, must determine the existence of any conflict of representation, and otherwise must proceed as directed in the order in Case No. 8:16-mc-53-T-23.

The defendant must direct to:

>  Assistant Federal Defender Rosemary Cakmis
>  201 South Orange Avenue
>  Orlando, FL 33801
>  rosemary_cakmis@fd.org
>  (407) 648-6338

any inquiry concerning eligibility for a sentence reduction, including whether the defendant must move to vacate under 28 U.S.C. § 2255 or must move to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive motion under § 2255.

**Conclusion**

The petition under Section 2241 (Doc. 1) is **DISMISSED without prejudice**.[3]

The clerk must enter judgment, terminate any pending motion, and close the case.

**ORDERED** in Tampa, Florida, on May 17, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] *See Melbie v. May*, No. CV 15-3174-KHV, 2016 WL 1624291 (D. Kan. Apr. 25, 2016) (dismissing without prejudice a petition under Section 2241 because the petitioner had not shown that Section 2255 was inadequate or ineffective and permitting the petitioner to move for leave to file a successive motion under Section 2255); *King v. Werlich*, No. 16-cv-300-DRH-CJP, 2016 WL 1583936 (S.D. Ill. Apr. 20, 2016) (dismissing without prejudice a petition under Section 2241 because "*Johnson* cannot be the basis for a Section 2241 petition" because it is a new rule of constitutional law rather than statutory construction and permitting the petitioner to move for leave to file a successive motion under Section 2255); *Patterson v. Flournoy*, No. 2:15-CV-129, 2016 WL 1704179, at *4 (S.D. Ga. Apr. 28, 2016) (recommending dismissal of a petition under Section 2241 because, in light of *Johnson* and *Welch*, the petitioner could not show that Section 2255 was inadequate or ineffective where Section 2255 "clearly provides him a procedural avenue to assert those arguments"); *Wilks v. Flournoy*, 2:15-cv-96, 2016 WL 1698313 (S.D. Ga. Apr. 28, 2016) (same); *Crawford v. United States*, No. 8:11-CV-1866-T-30TGW2016 WL 1644192 (M.D. Fla. Apr. 26, 2016) (concluding that in light of *Johnson* a motion for reconsideration under Fed. R. Civ. P. 60(b) of the denial of a motion under Section 2255 was more properly construed as a successive Section 2255 petition).